# **EXHIBIT 1**

| Summons | CIVIL DOCKET NO.<br>2584CV00421 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br><br>**MICHAEL MAGUIRE,**<br>Plaintiff(s)<br><br>vs.<br><br>**FIERA CAPITAL, INC.**<br>Defendant(s) | | John E. Powers III    Clerk of Courts<br>Suffolk    County<br>COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO    **Fiera Capital, Inc.  (Attn: Eric Roberts, President)**
(Defendant's name)
**c/o Corporate Service Company, 84 State St., Boston, MA 02109**
(Registered Agent)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the **Suffolk Superior** Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. You must respond to this lawsuit in writing within 20 days.

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond.

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

  a) Filing your signed original response with the Clerk's Office for Civil Business, **Suffolk Superior** Court **3 Pemberton Square, Boston, MA 02108** (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

  b) Delivering or mailing a copy of your response to the Plaintiff's attorney/Plaintiff at the following address:
  **Edward J. Denn, Esq., Denn Law Group LLC, 2 Dundee Park Drive, Suite 102, Andover, MA 01810**
  **Tel. 978-252-4567, Email: edenn@dennlawgroup.com**

3. What to Include in Your Response.

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Rule 12 of the Massachusetts Rules of Civil Procedure. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti, Chief Justice on **April 25**, 20 **25**. (Seal)

Clerk

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____
_____
_____

Dated: _____                           Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2023

| Summons | CIVIL DOCKET NO. 2584CV00421 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: MICHAEL MAGUIRE, Plaintiff(s) vs. FIERA CAPITAL, INC. Defendant(s) | | John E. Powers III  Clerk of Courts Suffolk  County COURT NAME & ADDRESS: Suffolk Superior Civil Court Three Pemberton Square Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO  Fiera Capital, Inc.  (Attn: Eric Roberts, President)
(Defendant's name)

c/o Corporate Service Company, 84 State St., Boston, MA 02109
(Registered Agent)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the  Suffolk Superior  Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business,  Suffolk Superior  Court 3 Pemberton Square, Boston, MA 02108 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's attorney/Plaintiff at the following address: Edward J. Denn, Esq., Denn Law Group LLC, 2 Dundee Park Drive, Suite 102, Andover, MA 01810 Tel. 978-252-4567, Email: edenn@dennlawgroup.com

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Court no more than 10 days after sending your Answer.

ATTEST 5/5/25

Constable, Boston Ma.  Date

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Rule 12 of the **Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti , Chief Justice on April 25 , 20 25 . (Seal)

Clerk [signature]

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: 5/9/25

rev. 1/2023

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER**

**Massachusetts Trial Court
Superior Court**

**COUNTY** Suffolk Superior Court (Boston)

| | | | |
|---|---|---|---|
| **Plaintiff** | Michael Maguire | **Defendant:** | |
| ADDRESS: | 11 Bubbling Brook Lane, Walpole, MA 02081 | ADDRESS: | Fiera Capital, Inc. |
| | | | One Lewis Wharf, 3rd Floor, Boston, MA 02110 |
| | | | |
| **Plaintiff Attorney:** | Edward J. Denn, Esq. | **Defendant Attorney:** | |
| ADDRESS: | Denn Law Group LLC | ADDRESS: | |
| | 2 Dundee Park Drive, Suite 102 | | |
| | | | |
| BBO: | 633020 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employment Contract | F | ☒ YES  ☐ NO |

*If "Other" please describe:

**Is there a claim under G.L. c. 93A?** ☐ YES  ☒ NO

**Is there a class action under Mass. R. Civ. P. 23?** ☐ YES  ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Breach of Employment Contract, including lost wages and unpaid bonuses and commissions. | $1,000,000.00 |
| | Total | $1,000,000.00 |

Signature of Attorney/Self-Represented Plaintiff: X  Edward J. Denn, Esq.     Date: February 13, 2025

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.
N/A

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X  Edward J. Denn, Esq.     Date: February 13, 2025

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | __F__ | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF —** On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT —** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
ACCURATELY, THE CASE MAY BE DISMISSED.**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                                                         SUPERIOR COURT

| | |
|---|---|
| MICHAEL MAGUIRE,<br>    Plaintiff,<br><br>v.<br><br>FIERA CAPITAL, INC.,<br>    Defendant. | Civil Action No. _____ |

## **COMPLAINT**

1. Defendant Fiera Capital, Inc. lured Plaintiff Michael Maguire away from a lucrative sales position at a competing financial products company with false promises of better compensation and benefits, only to breach its promises, sideline, and effectively terminate Mr. Maguire. As a direct result, Mr. Maguire has suffered hundreds of thousands of dollars (if not millions of dollars) in contract and other damages for which he seeks recovery.

## **Parties**

2. Plaintiff Michael Maguire ("Mr. Maguire") is an individual residing at 11 Bubbling Brook Lane, Walpole, MA 02081.

3. Defendant Fiera Capital, Inc. ("Fiera") is a foreign corporation with its principal place of business at 375 Park Street, 8th Floor, New York, NY 10152 and its registered agent for service at Corporation Service Company, 84 State Street, Boston, MA 02109. Fiera maintains a local office at 1 Lewis Wharf, Boston, MA 02110.

1

**Jurisdiction and Venue**

4. This Court has subject matter and personal jurisdiction over the parties and claims pursuant to Mass. Gen. L. c. 223A, §§ 2, 3, because Plaintiff resides and Defendant entered contracts, employed persons, transacted business, and supplied goods or services in Massachusetts from which it derived substantial revenue.

5. This Court is the proper venue for this action pursuant to Mass. Gen. L. c. 223, §§ 1 and 8, including (without limitation) because Defendant is a corporation that may sue or be sued in Suffolk County.

**Facts**

6. Until Defendant Fiera Capital, Inc. derailed Plaintiff Michael Maguire's career in financial product sales, Mr. Maguire consistently earned over $400,000 per year and he had accrued $300,000 in deferred compensation.

7. In early 2022, Fiera recruited Mr. Maguire to leave his position with a competitor, join Fiera as Institutional Portfolio Manager for its northeast region, and take ownership of Fiera product sales in the region.

8. Fiera recruited Mr. Maguire by promising him significantly more money in the form of (a) an annual salary of $250,000, (b) participation in a so-called Short Term Incentive Plan (the "STIP") pursuant to which he would earn between $250,000 and $600,000 in annual bonus (or, more accurately, commission), (c) a $300,000 special bonus payable in equal annual installments over three years, and (d) benefits including medical, dental, vision, life and disability insurance, and a 401(k). The special bonus was meant to compensate Mr. Maguire for the deferred compensation that he sacrificed by leaving his prior employer.

2

9. Fiera promised that, upon joining the company, Mr. Maguire would receive a copy of the company's confidential STIP plan and "[a] personalized table describing all the parameters used in the calculation and payment of [his] Bonus . . ."

10. In discussion about the table's parameters, Fiera promised Mr. Maguire that they would be written in such a way that he was guaranteed to earn at least "target total cash compensation (annual base salary plus Bonus)" in the amount of "Target performance (1X): $500,000 ($250,000 base salary + $250,000 Bonus)."

11. Fiera further promised that, if Mr. Maguire surpassed his "Target" and instead achieved "Excellent performance (1.5X)" or "Outstanding performance (2.5X)," then he would earn "$625,000 ($250,000 base salary + $375,000 Bonus)" or "$850,000 ($250,000 base salary + $600,000 Bonus)" respectively.

12. In addition to the above amounts, Fiera promised to pay Mr. Maguire's Special Bonus and benefits.

13. But for Fiera's promises (upon which Mr. Maguire reasonably relied), Mr. Maguire would not have left his position with a competitor.

14. Fiera's promises regarding the Annual Bonus/commission and Special Bonus proved to be false. After hiring Mr. Maguire, Fiera breached every one of them. Fiera paid Mr. Maguire no Annual Bonus at all and paid him only half of his Special Bonus.

15. On or about May 9, 2022, Mr. Maguire began working for Fiera.

16. Despite Mr. Maguire's repeated requests over a period of approximately one year, Fiera never provided Mr. Maguire with a copy of its confidential STIP plan or a personalized table (or any other data or document) describing parameters to be used in calculating his annual Bonus/commission.

17. To make matters worse, Fiera turned around and took the position that Mr. Maguire would earn no Annual Bonus/commission credit on new sales to preexisting customers in his territory, though no such caveat was discussed during negotiation of the parties' employment contract let alone contained in the contract.

18. Fiera also failed to respond to (let alone approve) Mr. Maguire's proposals for solicitation of new customers, effectively prohibiting Mr. Maguire from selling to new customers.

19. Fiera's reasons became clear when it disclosed to Mr. Maguire that it had negotiated and closed a deal to outsource the sale of its financial products to New York Life. These were the same products that Fiera hired but never really permitted Mr. Maguire to sell.

20. In sum, from the inception of their relationship and at every opportunity thereafter, Fiera made it impossible for Mr. Maguire to know (let alone meet) any parameter for earning his Annual Bonus/commission other than leaving his prior employment with a competitor and coming to work for Fiera, which Mr. Maguire did.

21. In or around May 2023, Fiera rebuffed Mr. Maguire's inquiries about payment of his Annual Bonus/commission and Special Bonus and effectively terminated Mr. Maguire's employment with the company by informing him that, if he did not resign, he would be terminated.

22. Although Mr. Maguire was able to find other employment in his field, he now earns a fraction of what he did before Fiera lured him away from its competitor just to sideline and effectively terminate him.

## COUNT I
### (Breach of Contract)

23. Plaintiff Michael Maguire repeats and incorporates by reference the allegations contained in the preceding paragraphs.

24. Mr. Maguire and Fiera expressly and/or impliedly entered a contract of employment, pursuant to which Fiera promised Mr. Maguire (a) an annual salary of $250,000, (b) participation in a so-called Short Term Incentive Plan (the "STIP") pursuant to which he would earn between $250,000 and $600,000 in annual bonus (or, more accurately, commission), (c) a $300,000 special bonus payable in equal annual installments over three years, and (d) benefits including medical, dental, vision, life and disability insurance, and a 401(k).

25. Fiera promised that, upon joining the company, Mr. Maguire would receive a copy of the company's confidential STIP plan and "[a] personalized table describing all the parameters used in the calculation and payment of [his] Bonus . . ."

26. In discussion about the table's parameters, Fiera promised Mr. Maguire that they would be written in such a way that he was guaranteed to earn at least "target total cash compensation (annual base salary plus Bonus)" in the amount of "Target performance (1X): $500,000 ($250,000 base salary + $250,000 Bonus)."

27. Fiera further promised that, if Mr. Maguire surpassed his "Target" and instead achieved "Excellent performance (1.5X)" or "Outstanding performance (2.5X)," then he would earn "$625,000 ($250,000 base salary + $375,000 Bonus)" or "$850,000 ($250,000 base salary + $600,000 Bonus)" respectively.

28. In addition to the above amounts, Fiera promised to pay Mr. Maguire's Special Bonus and benefits.

5

29. Mr. Maguire reasonably relied upon Fiera's promises to his damage and detriment, including, without limitation, by leaving his lucrative prior employment with a competitor and coming to work for Fiera.

30. Mr. Maguire met his obligations under the contract including, without limitation, by leaving his prior employment, coming to work for Fiera, and showing up ready, willing, and able to do the job as described.

31. Fiera breached the contract by failing to meet any of its above-described obligations.

32. As a direct and proximate result, Fiera has caused and owes Mr. Maguire damages including (without limitation) unpaid Annual Bonuses/commissions, unpaid Special Bonus money, lost wages, and other damages (past, present, and future) flowing from Fiera's breach of contract.

## COUNT II
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

33. Plaintiff Michael Maguire repeats and incorporates by reference the allegations contained in the preceding paragraphs.

34. Mr. Maguire and Fiera expressly and/or impliedly entered the above-described contract of employment, which (by law) included an implied covenant of good faith and fair dealing.

35. Mr. Maguire acted in good faith and met his obligations under the contract including, without limitation, by leaving his prior employment, coming to work for Fiera, and showing up ready, willing, and able to do the job as described.

36. Fiera breached the contract in bad faith, including by its bad faith refusal to disclose the STIP and personalized goals, its bad faith refusal to provide bonus/commission

credit for new sales to preexisting clients, its bad faith outsourcing of product sales, and other bad faith refusals and failures to meet its obligations under the contract.

37. As a direct and proximate result, Fiera has caused and owes Mr. Maguire damages including (without limitation) unpaid Annual Bonuses/commissions, unpaid Special Bonus money, lost wages, and other damages (past, present, and future) flowing from Fiera's breach of contract.

## COUNT III
### (Misrepresentation)

38. Plaintiff Michael Maguire repeats and incorporates by reference the allegations contained in the preceding paragraphs.

39. Fiera negligently, recklessly, and/or intentionally misrepresented that it would pay and/or provide Mr. Maguire (a) an annual salary of $250,000, (b) participation in a so-called Short Term Incentive Plan (the "STIP") pursuant to which he would earn between $250,000 and $600,000 in annual bonus (or, more accurately, commission), (c) a $300,000 special bonus payable in equal annual installments over three years, and (d) benefits including medical, dental, vision, life and disability insurance, and a 401(k).

40. Fiera negligently, recklessly, and/or intentionally misrepresented that, upon joining the company, Mr. Maguire would receive a copy of the company's confidential STIP plan and "[a] personalized table describing all the parameters used in the calculation and payment of [his] Bonus . . ."

41. In discussion about the table's parameters, Fiera negligently, recklessly, and/or intentionally misrepresented to Mr. Maguire that they would be written in such a way that he was guaranteed to earn at least "target total cash compensation (annual base salary plus Bonus)" in the amount of "Target performance (1X): $500,000 ($250,000 base salary + $250,000 Bonus)."

7

42. Further, Fiera negligently, recklessly, and/or intentionally misrepresented that, if Mr. Maguire surpassed his "Target" and instead achieved "Excellent performance (1.5X)" or "Outstanding performance (2.5X)," then he would earn "$625,000 ($250,000 base salary + $375,000 Bonus)" or "$850,000 ($250,000 base salary + $600,000 Bonus)" respectively.

43. In addition to the above amounts, Fiera negligently, recklessly, and/or intentionally misrepresented that it would pay Mr. Maguire's Special Bonus and benefits.

44. Fiera made each of these misrepresentations in the conduct of its business though it knew or should have known that they were false.

45. Fiera intended for Mr. Maguire to rely on its misrepresentations including, without limitation, by leaving the employ of its competitor where Mr. Maguire was consistently making many millions of dollars' worth of sales.

46. Mr. Maguire reasonably relied on Fiera's misrepresentations to his damage and detriment, including by leaving his lucrative employment with Fiera's competitor, coming to work for Fiera, and showing up ready, willing, and able to do the job as described.

47. As a direct and proximate result, Fiera has caused and owes Mr. Maguire damages including (without limitation) unpaid Annual Bonuses/commissions, unpaid Special Bonus money, lost wages, and other damages (past, present, and future) flowing from Fiera's breach of contract.

## COUNT IV
### (Promissory Estoppel)

48. Plaintiff Michael Maguire repeats and incorporates by reference the allegations contained in the preceding paragraphs.

49. Fiera promised Mr. Maguire (a) an annual salary of $250,000, (b) participation in a so-called Short Term Incentive Plan (the "STIP") pursuant to which he would earn between

8

$250,000 and $600,000 in annual bonus (or, more accurately, commission), (c) a $300,000 special bonus payable in equal annual installments over three years, and (d) benefits including medical, dental, vision, life and disability insurance, and a 401(k).

50. Fiera promised that, upon joining the company, Mr. Maguire would receive a copy of the company's confidential STIP plan and "[a] personalized table describing all the parameters used in the calculation and payment of [his] Bonus . . ."

51. In discussion about the table's parameters, Fiera promised Mr. Maguire that they would be written in such a way that he was guaranteed to earn at least "target total cash compensation (annual base salary plus Bonus)" in the amount of "Target performance (1X): $500,000 ($250,000 base salary + $250,000 Bonus)."

52. Fiera further promised that, if Mr. Maguire surpassed his "Target" and instead achieved "Excellent performance (1.5X)" or "Outstanding performance (2.5X)," then he would earn "$625,000 ($250,000 base salary + $375,000 Bonus)" or "$850,000 ($250,000 base salary + $600,000 Bonus)" respectively.

53. In addition to the above amounts, Fiera promised to pay Mr. Maguire's Special Bonus and benefits.

54. Mr. Maguire reasonably relied on Fiera's promises to his damage and detriment, including by leaving his prior employment, coming to work for Fiera, and showing up ready, willing, and able to do the job as described.

55. Fiera has failed to fulfill its promises.

56. Accordingly, Fiera should be estopped to deny and compelled to make good on its promises to Mr. Maguire, including by (without limitation) by paying the promised Annual

Bonuses/commissions, promised Special Bonus money, and by paying lost wages and other damages (past, present, and future) flowing from Fiera's broken promises.

## COUNT V
### (Failure to Pay Commissions in Violation of the Massachusetts Wage Act, Mass. Gen. L. c. 149, §§ 148, 148A, and 150)

57. Plaintiff Michael Maguire repeats and incorporates by reference the allegations contained in the preceding paragraphs.

58. Mr. Maguire earned, and/or Fiera unlawfully prevented Mr. Maguire from earning, sales commissions that Fiera misleadingly mislabeled as annual bonuses.

59. Mr. Maguire satisfied, and/or Fiera unlawfully prevented Mr. Maguire from satisfying, all conditions for payment of the commissions.

60. Mr. Maguire's commissions are due and payable (indeed, they are long overdue and payable), but Fiera has failed and refused to pay them.

61. By its conduct, equity, public policy, and/or applicable law, Fiera is estopped to deny and/or has forfeited or waived the right to deny the same.

62. Mr. Maguire has filed a complaint with the Massachusetts Attorney General and has obtained written authorization to proceed with this suit.

63. Mr. Maguire qualifies for the rights, privileges, and protections accorded under the Wage Act, and has fully complied with all statutory, regulatory, administrative, and common law requirements necessary to permit him to enforce his rights and collect damages, treble damages, attorney's fees, and costs under the Act.

64. As a direct and proximate result of its violation, Fiera has caused and owes Mr. Maguire damages including, without limitation, unpaid commissions (mislabeled as annual bonuses) plus statutory treble damages, attorney's fees, and costs.

## **Prayer for Relief**

WHEREFORE, Plaintiff Michael Maguire respectfully requests this Court:

A) Award Mr. Maguire all damages, legal and equitable, including, without limitation, all compensatory, consequential, equitable, exemplary, monetary, punitive, double, treble, statutory, and every other form of damages to which it may be entitled;

B) Award Mr. Maguire his attorney's fees, costs, and expenses;

C) Award Mr. Maguire pre- and post-judgment interest at the maximum rate permitted by law; and

D) Award Mr. Maguire such further and additional relief as may be available and warranted under the circumstances of this case.

## **Jury Demand**

Plaintiff Michael Maguire claims a trial by jury on all issues so triable.

Respectfully submitted,
PLAINTIFF MICHAEL MAGUIRE,
By its attorneys,

s/ *Edward J. Denn*
Edward J. Denn (BBO# 633020)
Denn Law Group LLC
2 Dundee Park Drive, Suite 102
Andover, MA 01810
Tel.: 978-252-4567
Dated: July 15, 2022
Dated: February 13, 2025          Email: edenn@dennlawgroup.com

11

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                                                    SUPERIOR COURT

| | |
|---|---|
| MICHAEL MAGUIRE,<br>    Plaintiff,<br><br>    v.<br><br>FIERA CAPITAL, INC.,<br>    Defendant. | Civil Action No. _____ |

### **PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER**

Pursuant to Mass. R. Civ. P. 4(c), Plaintiff's counsel hereby requests that this Honorable Court appoint Francis J. Trapasso & Associates, 84 Park Avenue, Worcester, MA 01609, through its constables, who are over the age of 18, knowledgeable in the service of process, disinterested, and not parties to this action, as special process server in this action.

                                                  Respectfully submitted,

                                                  PLAINTIFF MICHAEL MAGUIRE,
                                                  By its attorney,

                                                  /s/ *Edward J. Denn*
                                                  Edward J. Denn, Esq. (BBO #633020)
                                                  Denn Law Group LLC
                                                  2 Dundee Park Drive, Suite 102
                                                  Andover, MA 01810
                                                  Tel.: 978-252-4567
                                                  Email: edenn@dennlawgroup.com
Dated: February 13, 2025                  Website: https://www.dennlawgroup.com

2/19 NOTIFY

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                        SUPERIOR COURT

|  |  |
|---|---|
| MICHAEL MAGUIRE,<br>Plaintiff,<br><br>v.<br><br>FIERA CAPITAL, INC.,<br>Defendant. | kg<br><br>Civil Action No. 25-421 D |

### PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), Plaintiff's counsel hereby requests that this Honorable Court appoint Francis J. Trapasso & Associates, 84 Park Avenue, Worcester, MA 01609, through its constables, who are over the age of 18, knowledgeable in the service of process, disinterested, and not parties to this action, as special process server in this action.

2/18/25
Allowed.
By the Court (Cowin, J)
Attest: [signature] Asst Clerk

Respectfully submitted,

PLAINTIFF MICHAEL MAGUIRE,
By its attorney,

/s/ *Edward J. Denn*
Edward J. Denn, Esq. (BBO #633020)
Denn Law Group LLC
2 Dundee Park Drive, Suite 102
Andover, MA 01810
Tel.: 978-252-4567
Email: edenn@dennlawgroup.com
Website: https://www.dennlawgroup.com

Dated: February 13, 2025

1